### ECLIPSE LAWN MOWER CO. v. UNITED STATES.

#### No. K—40.

Court of Claims.

Nov. 14, 1932.

William Cogger of Washington, D. C. (John E. Hughes, of Chicago, Ill., on the brief), for plaintiff.

Lisle A. Smith, of Washington, D. C., and Charles B. Rugg, Asst. Atty. Gen. (Lester L. Gibson, of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

LITTLETON, Judge.

The plaintiff's case is based entirely upon the contention that there was no valid waiver on file with the commissioner which authorized him to assess the additional tax on May 15, 1924, and to make collection thereof on May 26, 1924. It is our opinion that this claim cannot be sustained. The facts show that the statutory period of limitation within which the commissioner could assess and collect an additional tax for 1918 without a waiver expired April 17, 1924. On January 28, 1924, about four months prior to the date of assessment and while the case was under consideration and audit by the commissioner, he requested the plaintiff to execute a waiver of the statute of limitation. This the plaintiff did, and on February 2, 1924, returned the same to the commissioner, duly executed. It was received in the commissioner's office February 4, 1924. On February 28, 1924, a notation was made in the record of plaintiff's case in the bureau by the supervising auditor who was charged with the duty of reviewing the audits of plaintiff's case that there was a waiver of the statute of limitation on file.

March 8, 1924, the commissioner mailed plaintiff the usual thirty-day deficiency letter giving it thirty days thereafter within which to file a protest or appeal with reference to the proposed deficiency. The plaintiff's case appears to have proceeded in the usual way in the bureau with full knowledge of the officials that the statutory period of limitation would expire April, 1924, and that plaintiff had executed and filed a waiver. The facts and circumstances justify the conclusion that no action was taken to assess and collect the tax before April 17, 1924, for the reason that there was a valid waiver on file.

Whether the plaintiff filed a protest to the deficiency proposed in the letter of March 8, 1924, does not appear, but it does appear that shortly thereafter the commissioner duly signed an assessment list in which he made an assessment of a deficiency of $28,938.21 against the plaintiff for 1918. This assessment list contained a statement under the column headed "Remarks" that there was a waiver, and also referred to the account number of plaintiff and to the office letter of March 8, 1924. Whether or not the document constituting the waiver which plaintiff executed and filed with the commissioner was ever signed by the commissioner is not important in this case. The signing of the assessment list containing the statement that there was a waiver by this taxpayer was sufficient under the statute. It is not necessary that a waiver in order to be valid must be in one document or that in order to constitute a valid waiver the consent of the taxpayer and the commissioner must be evidenced on a single document. Although a waiver is not, strictly speaking, a contract, the rule that agreements may be evidenced in more than one instrument is applicable. The commissioner's consent is only for administrative purposes, Stange v. United States, 68 Ct. Cl. 395, affirmed 282 U. S. 270, 51 S. Ct. 145, 75 L. Ed. 335, and the consent of the commissioner may be evidenced as well on an assessment list as on the waiver itself. Sabin v. United States, 44 F.(2d) 70, 70 Ct. Cl. 574.

The only remaining point urged by plaintiff is that the government has not shown that the waiver in question was in force and had not expired prior to the date on which the tax was paid. At the time of the trial of this case during 1931 the waiver in question had been misplaced in the commissioner's office and could not be located. It could not, therefore, be produced by the defendant and there is no direct and positive testimony as to the date of expiration of the waiver. The evidence of record however is

sufficient to justify the conclusion that the waiver was in force and effect at the time the tax sought to be recovered was assessed and paid. The facts establish that the commissioner was aware at all times from and after January 28, 1924, that the statute of limitation would soon expire and the presumption of regularity of his action in making the assessment and collection on the basis of the waiver gives great weight to the conclusion that the waiver was in effect at the time the tax was assessed and collected. Plaintiff also was aware of the date of the expiration of the five-year period of limitation when it executed the waiver, and the fact that it paid the tax in May, 1926, without question, is a circumstance to be considered against the contention now made. We are satisfied from all the facts and circumstances of record that the waiver had not expired on May 26, 1924, when the additional tax was paid, and we have found this to be the fact. The petition is dismissed. It is so ordered.