**COMMISSIONER OF INTERNAL REVENUE, Petitioner, v. ESTATE of J. B. WILLIAMS, Deceased, Tommy J. Williams and Charles J. Williams, Administrators, and Rosa Williams, Respondents.**

**No. 6844.**

United States Court of Appeals, Fourth Circuit.

Argued Oct. 8, 1954.

Decided Nov. 8, 1954.

Elmer J. Kelsey, Special Asst. to the Atty. Gen. (H. Brian Holland, Asst. Atty. Gen., Ellis N. Slack and Hilbert P. Zarky, Special Assts. to the Atty. Gen., on brief), for petitioner.

J. Spencer Bell and Bruce Gebhardt, Charlotte, N. C. (Bell, Bradley, Gebhardt & DeLaney, Charlotte, N. C., on brief), for respondents.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

DOBIE, Circuit Judge.

This is a petition brought by the Commissioner of Internal Revenue to review a decision of the Tax Court of the United States, holding that the Commissioner's assessment of deficiencies in the taxpayers' federal income and victory taxes for 1943 and federal income taxes for 1944 and 1945 is barred by the three-year period of limitations provided by Section 275(a) of the Internal Revenue Code, 26 U.S.C.A. § 275(a). The only question that we need consider is whether the Tax Court abused its discretion by denying two motions made by the Commissioner: (1) to reopen the record for submission of further evidence; and (2) to vacate the judgment of the Tax Court.

In its petition to the Tax Court for a redetermination of the deficiencies assessed by the Commissioner for 1943, 1944 and 1945, the taxpayers alleged that.

these assessments were barred by the three year limitation of Section 275(a) of the Internal Revenue Code, since no notice of deficiency for these years had been mailed to the taxpayers until February 14, 1950. By his answer, the Commissioner alleged that the three year period of limitations had been extended either by the taxpayers' fraud or by the execution of valid waivers pursuant to Section 276(b) of the Internal Revenue Code, 26 U.S.C.A. § 276(b). The taxpayers' reply alleged that the 1944 and 1945 waivers were obtained by duress and that the 1943 waiver was of no effect since it was obtained more than ten months after expiration of the three-year period of limitation.

At the trial, no waivers were put into evidence by the taxpayers or by the Commissioner, and no evidence was presented by either side as to these waivers. The Tax Court held that the Commissioner had not sustained his burden of proving an extension of the period of limitations by the execution of valid waivers, since no waivers were entered in evidence, and the pleadings alone were insufficient proof of the execution of valid waivers. Finding no fraud on the part of the taxpayers, the Tax Court held that the deficiencies for 1943, 1944 and 1945 were barred.

The Commissioner then moved the Tax Court to vacate its judgment and to reopen the record for submission in evidence of the waivers allegedly executed by the taxpayers. These motions were denied on the ground that the Commissioner had already had one opportunity to introduce the waivers and was not entitled to a new chance. The Commissioner now petitions us to reverse the decision of the Tax Court.

We think that the decision should be reversed because of the refusal of the Tax Court to reopen the case and permit the introduction of the waivers. It is perfectly clear on the record that the Commissioner thought that the waivers were before the court as a result of the pleadings in the case; and it is equally clear that the case could not be properly tried without their presence. Without passing on the technical question as to where the burden of proof lay with respect to the matter, we do not think the court was acting within the limits of a sound discretion in refusing to reopen the case and permit their introduction under the circumstances here appearing. We shall accordingly reverse the decision below and remand the case with direction that it be reopened, not with respect to the fraud issue, but solely for the purpose of allowing the Commissioner and the taxpayers to introduce any evidence they may have relating to the waivers or their validity.

Reversed and remanded.