James S. MURRAY, individually and as Executor of the Estate of Elsie Murray, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 59–491–S.

United States District Court
D. Massachusetts.

Dec. 19, 1960.

James M. Kendrick, Boston, Mass., for plaintiff.

James C. Heigham, Asst. U. S. Atty., George C. Caner, Jr., Asst. U. S. Atty., Boston, Mass., Lee L. Phillips, Tax Div., Dept. of Justice, Washington, D. C., for defendant.

SWEENEY, Chief Judge.

In this action the plaintiff sues for a refund of income taxes in the amount of Fifteen Thousand Seven Hundred Twenty-Five Dollars and Six Cents ($15,-725.06) plus interest for the calendar years 1943 to 1951, and the question presented is whether a transfer of Eight Thousand Eight Hundred Ninety-Seven Dollars and Fifty-Five Cents ($8,897.55) in February, 1953, from the account of the plaintiff to that of Margaret Murray, his sister-in-law, was authorized by him.

Findings of Fact

In January, 1942, the plaintiff entered into a contract with his brother and partner, Francis H. Murray, by which they agreed that in the event of the death of either partner, the survivor was to succeed to the partnership assets and carry on the business for a defined period of years, and that for the duration of this period the surviving partner was obligated to pay to the legal representative of the deceased partner's estate a specified share of the profits of the business. Francis H. Murray died within one month after the execution of the agreement, and his wife, Margaret, was appointed administratrix of his estate.

Some time thereafter an investigation was made of the taxes of the Murray Leather Co., the above-mentioned partnership, and of the plaintiff by the Internal Revenue Service. Additional income was assessed and fraud penalties were asserted against the plaintiff, and based upon the activities of the partnership, deficiency assessments were asserted against Margaret.

The plaintiff over a period of time paid portions of the tax and penalty assessments against him, and during the year 1951 two payments of Six Thousand Two Hundred Eighty-Nine Dollars and Fifty-Seven Cents ($6,289.57) and Two Thousand One Hundred Twenty-Six Dollars and Ninety-Five Cents ($2,126.95), together with an earlier payment of Four Hundred Eighty-One Dollars and Three Cents ($481.03), resulted in a credit balance of Eight Thousand Eight Hundred Ninety-Seven Dollars and Fifty-Five Cents ($8,897.55) in his tax account for the years 1943 and 1945. Margaret's tax liability, however, remained unsatis-

fied during 1951 and 1952, and liens were placed on some property in which she had an interest, and in February, 1953, the sum of Eight Thousand Eight Hundred Ninety-Seven Dollars and Fifty-Five Cents ($8,897.55) was transferred from the account of James S. and Elsie Murray to that of Margaret. It is this transfer, allegedly made without the plaintiff's consent, which gave rise to the instant suit.

■ The burden is on the plaintiff to prove that he did not consent to this transfer. The evidence showed that on a Saturday morning in February, 1953, prior to the date of the transfer, a meeting was held at the offices of the Murray Leather Company in Woburn, Massachusetts, at which the plaintiff, Mr. Leo T. Foster, an accountant who had represented the plaintiff before the Internal Revenue Service, and Mr. John J. Duffy, a collection officer of the Internal Revenue Service, were present. The purpose of the meeting was to settle the accounts of both the plaintiff and Margaret. While the plaintiff denied that this meeting ever took place, Messrs. Foster and Duffy agreed that there was such a conference, and that the matter of the transfer was discussed. Both also testified that the plaintiff at no time objected to a transfer of funds from his account to Margaret's and that, after the plaintiff's approval, and in his presence, Mr. Foster authorized the transfer.

In the light of the history of this case and the relationships of the parties, there was nothing unusual in the plaintiff's consent to the transfer. Under the agreement between the plaintiff and his brother Margaret's income came, at least in part, from the Murray Leather Company, and the plaintiff's accountants had, from information furnished by him, prepared Margaret's tax returns for a period of several years. In addition, the plaintiff did pay Margaret's tax on at least one previous occasion.

### Conclusions of Law

■ I find on all the evidence that the plaintiff did consent to the transfer of Eight Thousand Eight Hundred Ninety-Seven Dollars and Fifty-Five Cents ($8,897.55) to the account of Margaret Murray.

Judgment may be entered for the defendant.