**James S. MURRAY, Etc., Plaintiff, Appellant,**

v.

**UNITED STATES of America, Defendant, Appellee.**

**No. 5817.**

United States Court of Appeals First Circuit.

July 19, 1961.

James M. Kendrick, Boston, Mass., for appellant.

Earl J. Silbert, Atty., Dept. of Justice, Washington, D. C., with whom Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson and Melva M. Graney, Attys., Dept. of Justice, Washington D. C., W. Arthur Garrity, Jr., U. S. Atty., and James C. Heigham, Asst. U. S. Atty., Boston, Mass., were on the brief, for appellee.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

HARTIGAN, Circuit Judge.

This is an appeal from a judgment of the United States District Court for the District of Massachusetts entered for the defendant, the United States of America. Plaintiff-appellant, James S. Murray, individually and as executor of the estate of Elsie Murray,[1] sued to recover a refund in the amount of $15,-725.06 paid by plaintiff as income tax of $8,897.55 and interest of $6,827.51 for the calendar years 1943 to 1951 inclusive or other years.

The background of the case as stipulated or otherwise evidenced in the record is as follows. In 1951 plaintiff was allowed a net operating loss carryback from 1949 to 1947 which resulted in an

---

1. Elsie Murray, the wife of James S. Murray, is apparently involved only because joint returns were filed for various years. The activities of James S. Murray are the crucial ones, and the term plaintiff is used to refer to him.

overpayment of $33,353.56 for the then assessed 1947 taxes. Part of this amount was credited to unpaid tax amounts for various years and a refund check was issued on January 12, 1951 for the amount remaining after such credits, namely $6,317.43. This check was endorsed by plaintiff to the order of the Collector of Internal Revenue. The sum of $27.86 was deducted as interest already due and the balance represented part payment of an additional assessment for the calendar year 1947. The balance was entered on the records of the District Director of Internal Revenue as a credit (sic) and payment on 1943 although no such amount was owed by plaintiff on taxes for that year. On August 3, 1951 an additional assessment for the calendar year 1947 was made against plaintiff. On October 31, 1951 plaintiff paid by check $2,500 from which was deducted interest of $373.05, leaving a balance of $2,126.95. This amount was applied on the records of the District Director to the tax year 1945, although at the time the records revealed that 1945 was paid in full. A refund for the year 1948 of $481.03 was paid to the District Director's office on May 13, 1952. This amount also was applied on the records to the tax year 1945 although, again, no amount was then due for that year.

On February 20, 1953 the total amount of $8,897.55 was transferred by the Internal Revenue Service from the account of plaintiff to the account of his sister-in-law, Margaret Murray. On May 10, 1957 the plaintiff paid $8,897.55 in tax plus interest of $6,827.51. The total amount of $15,725.06 was applied to fully pay the amounts plaintiff owed on the additional assessments for 1947 and 1948. On June 3, 1957 plaintiff filed with the District Director his duly executed claim for refund, afterward amended. The amended claims for refund were rejected in full by the Internal Revenue Service on May 14, 1959. Thereafter this action was instituted.

The additional assessments asserted against plaintiff were based on an understatement of income of plaintiff's business for various years 1943–1948. Under a partnership agreement the estate of plaintiff's brother, Francis, was to receive a share of the profits of the business. Therefore, based on the activities of the partnership, deficiency assessments were also asserted against Margaret Murray, Francis' widow and administratrix of his estate.

The issue before the district court was whether or not the transfer of credit to the account of Margaret Murray was made with the plaintiff's consent. The district court placed the burden on the plaintiff to prove that he did not consent to the transfer and concluded on the evidence before it that plaintiff had consented to the transfer.

Plaintiff makes various contentions that the evidence does not support a conclusion that plaintiff consented to the transfer and that such consent must be in writing and in regard to an actual balance in the taxpayer's favor.

We have found no case which requires that the consent to such a transfer be in writing. Also, since some administrative action is necessary to credit an overpayment in one year against a tax for another year, see McEachern v. Rose, 1937, 302 U.S. 56, 58 S.Ct. 84, 82 L.Ed. 46, we believe that the Internal Revenue Service could properly seek consent to transfer the recorded overpayment to another taxpayer's account. We would not disturb the district court's determination of the consent issue except that we believe that the lower court erroneously placed the burden of proof on the plaintiff.

The Internal Revenue Service cannot credit an overpayment of one taxpayer to the account of an entirely separate taxpayer unless the former has consented to such a transfer. See Ford Motor Co. v. United States, 9 F.Supp. 590, 81 Ct.Cl. 30, certiorari denied 1935, 296 U.S. 636, 56 S.Ct. 170, 80 L.Ed. 452. This fact, in our opinion, makes the sit-

**604**

uation of the taxpayer's consent analogous to one involving a waiver by a taxpayer of the statute of limitations for collection of taxes. In such a situation, if there is a written waiver of the statute of limitations regular on its face, then the burden is on the taxpayer to prove that it is invalid because procured by duress, etc. See Concrete Engineering Co. v. Commissioner of Int. Rev., 8 Cir., 1932, 58 F.2d 566; Estate of J. B. Williams, 1955 P-H T.C. Mem. ¶55,321; Aaron D. Kronstadt, 1954 P-H T.C. Mem. ¶54,137. In the absence of such written instrument of waiver regular on its face, the burden is on the Commissioner or the United States to show that there was an extension of the period of limitations by the execution of valid waivers. Estate of J. B. Williams, 1953 P-H T.C. Mem. ¶53,251. See Commissioner of Internal Revenue v. Estate of Williams, 4 Cir., 1954, 216 F.2d 598. See also Eclipse Lawn Mower Co. v. United States, 1932, 1 F.Supp. 768, 76 Ct.Cl. 354.

■ We believe that in the absence of an instrument evidencing consent to the transfer to Margaret Murray's account, the burden of proof on the issue of consent to the credit transfer should be on the defendant. Therefore, the judgment should be vacated and the case remanded to the district court for a new trial.

An additional factor which lends support to this allocation of the burden of proof on consent is the fact that certain records involving plaintiff's account with the Internal Revenue Service are no longer available. Part of the defendant's evidence sought to establish by inference that a written consent existed at one time. We believe that it is inequitable to give the defendant any edge in the use of such evidence by placing the burden of proof on the issue of consent on the plaintiff.

Judgment will be entered vacating the judgment of the district court and remanding the case for further proceedings consistent with this opinion.