James S. MURRAY, Individually and as Executor of the Estate of Elsie Murray, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 59-491.

United States District Court
D. Massachusetts.

Nov. 14, 1961.

---

952

James M. Kendrick, Boston, Mass., for plaintiff.

James C. Heigham, William C. Madden, Asst. U. S. Attys., Boston, Mass., Lee L. Phillips, Tax Div., Dept. of Justice, Washington, D. C., for defendant.

SWEENEY, Chief Judge.

This case came on for rehearing as a result of the direction of the United States Court of Appeals to vacate a prior judgment entered by this Court, 191 F. Supp. 651, and a remand of the case for further proceedings consistent with the Court's opinion dated July 19, 1961, 292 F.2d 602. The Court of Appeals stated that it "would not disturb the district court's determination of the consent issue except that we believe that the lower court erroneously placed the burden of proof on the plaintiff."

### Findings of Fact

The transcript of record of the previous trial is incorporated into the records of this case.

In January 1942, the plaintiff entered into a contract with his brother and partner, Francis H. Murray, by which they agreed that in the event of the death of either partner, the survivor was to succeed to the partnership assets and carry on the business for a defined period of years, and that for the duration of this period the surviving partner was obligated to pay to the legal representative of the deceased partner's estate a specified share of the profits of the business. Francis H. Murray died within one month after the execution of the agreement, and his wife Margaret was appointed administratrix of his estate.

Some time thereafter, an investigation was made of the taxes of the Murray Leather Co., the above-mentioned partnership, and of the plaintiff by the Internal Revenue Service. Additional income was assessed and fraud penalties were asserted against the plaintiff; and based upon the activities of the partnership, deficiency assessments were asserted against Margaret.

The plaintiff over a period of time paid portions of the tax and penalty assessments against him; and during the year 1951 two payments of Six Thousand Two Hundred Eighty-Nine Dollars and Fifty-Seven Cents ($6,289.57) and Two Thousand One Hundred Twenty-Six Dollars and Ninety-Five Cents ($2,126.95), together with an earlier payment of Four Hundred Eighty-One Dollars and Three Cents ($481.03), resulted in a credit balance of Eight Thousand Eight Hundred Ninety-Seven Dollars and Fifty-Five Cents ($8,897.55) in his tax account for the years 1943 and 1945. Margaret's tax liability, however, remained unsatisfied during 1951 and 1952, and liens were placed on some property in which she had an interest; and in February 1953, the sum of Eight Thousand Eight Hundred Ninety-Seven Dollars and Fifty-Five Cents ($8,897.55) was transferred from the account of James S. and Elsie Murray to that of Margaret. It is this transfer, allegedly made without the plaintiff's consent, which gave rise to the instant suit.

To correct the erroneous statement made by this Court in its previous decision that the burden of proof is "on the plaintiff to prove that he did not consent to the transfer * * *." the following is offered. (The Court had loosely used the expression "burden of proof" when it really meant the burden of going forward with the evidence.)

Initially, the burden of proof, as in all civil cases, is on the plaintiff to estab-

lish by a preponderance of the evidence the allegations contained in his complaint. The plaintiff here met this burden by presenting the evidence, above described; in other words, it met the burden of proving the allegations of paragraph six of his complaint that "On or about February 20, 1953, the Internal Revenue Service transferred to another taxpayer without authority of the plaintiff the total sum of $8,897.55 identified in paragraph five" of the complaint. Thereafter, the Government introduced evidence from which the Court finds that on a Saturday morning in February 1953, prior to the date of the transfer, a meeting was held at the offices of the Murray Leather Company in Woburn, Massachusetts, at which the plaintiff, Mr. Leo T. Foster, an accountant who had represented the plaintiff before the Internal Revenue Service, and Mr. John J. Duffey, a collection officer of the Internal Revenue Service, were present. The purpose of the meeting was to settle the accounts of both the plaintiff and Margaret. While the plaintiff denied that this meeting ever took place, Messrs. Foster and Duffey agreed that there was such a conference and that the matter of the transfer was discussed. Both also testified that the plaintiff at no time objected to a transfer of funds from his account to Margaret's and that, after the plaintiff's approval, and in his presence, Mr. Foster authorized the transfer. Mr. Duffey filed a memorandum to this effect with the Internal Revenue Service in Boston. These findings from evidence produced by the Government negatived the prior proof of transfer without consent.

■ I find that the normal procedure to effect a transfer of a credit from one taxpayer's account to that of another requires the written consent of the transferor; this is a departmental rule only. While such a written consent cannot be found in the departmental records of the Internal Revenue Service, there is convincing evidence that the transfer would

not have been made without having the necessary authority, either from the plaintiff in writing or from someone in the department. The written consent from the transferor is not a necessity but is a matter of procedure adopted by the Internal Revenue Service. No one on the part of the Government could or did testify that a written consent was ever received from this taxpayer. Nevertheless, the transfer was made within the Department and the proper credits to the account of Margaret and debits to the account of James were made. This lays the basis for a presumption of regularity of procedure on the part of the Government. In re Ingersoll Co., 148 F.2d 282 (10th Cir.); Atcheson, Topeka & Santa Fe R. R. Co. v. Elephant Butte Irr. Dist., 110 F.2d 767 (10th Cir.).

■ In the eyes of the Court this presumption of regularity coupled with the previous finding that the accountant for the plaintiff had authorized such a transfer in the plaintiff's presence meets and overcomes the evidence submitted by the plaintiff to the effect that the transfer was not authorized by him. It is, at this stage, incumbent upon the plaintiff to assume the burden of going forward with the evidence, or as Professor Leach[1] terms it "the burden of persuasion or risk of nonpersuasion" on the question of consent. The burden of going forward with the production of evidence which would overcome the presumption of regularity on the part of the Government has not been met by the plaintiff.

In the light of the history of this case and the relationships of the parties, there was nothing unusual in the plaintiff's consent to the transfer. Under the agreement between the plaintiff and his brother, Margaret's income came, at least in part, from the Murray Leather Company and the plaintiff's accountants had, from information furnished by him, prepared Margearet's tax returns for a period of several years. In addition, the

1. Leach & McNaughton, Handbook of Massachusetts Evidence, 23 (3rd ed. 1956).

plaintiff did pay Margaret's tax on at least one previous occasion. It now develops that when this payment in the amount of Two Thousand Five Hundred Dollars ($2,500.00) was made, on the books of the Company, itself, a credit was given to James Murray on account of an indebtedness to Margaret. It is possible in the instant case that a similar credit may have been given, but there was no evidence offered to support this possibility.

From the foregoing, I find that the plaintiff taxpayer did authorize the transfer of a credit from his account in the hands of the Internal Revenue Service to the account of Margaret Murray.

#### Conclusions of Law

I find on all the evidence that the plaintiff did consent to the transfer of Eight Thousand Eight Hundred Ninety-Seven Dollars and Fifty-Five Cents ($8,897.55) to the account of Margaret Murray.

Judgment may be entered for the defendant.