**Howard F. MARQUIS, Plaintiff,**
v.
**UNITED STATES of America, Defendant.**
**Civ. No. 70–2421–RJK.**

United States District Court, C. D. California.
Sept. 14, 1972.

Willard D. Horwich, Beverly Hills, Cal., for plaintiff.

William D. Keller, U. S. Atty., Mason C. Lewis, Asst. U. S. Atty., Los Angeles, Cal., for defendant.

## MEMORANDUM OF DECISION

KELLEHER, District Judge.

Plaintiff brought this action for refund of $100.00 income taxes paid and for refund of $1,316.14 arising from reduction of his 1967 tax liability and allegedly improperly applied to taxes previously owing as a result of assessment. The decisive issue here presented is factual in nature, and, hence, requires the examination of the evidentiary matter upon which the case was submitted for decision.

Fundamentally, the question is whether the plaintiff executed, on or about October 24, 1960, a written Offer in Compromise of unpaid withholding tax assessments. On the one hand plaintiff, by affidavit dated May 6, 1971, denies recollection of executing such an Offer, and, on the other hand the Government has produced substantial evidence that various procedures were followed by agents and employees of the Internal Revenue Service which would not have been initiated without the filing of the Offer in question. The written Offer,

however, has not been produced and according to deposition testimony of E. P. Trainor, District Director of the Internal Revenue Service's Chicago office, the Offer here in dispute has been destroyed.

*Factual Background*

On June 30, 1959, the Commissioner assessed plaintiff as responsible officer for the payment of employee withholding taxes, $138,689.68 in unpaid withholding taxes for the taxable quarters April 1, 1955, to June 30, 1957. Plaintiff has paid $3,417.92 against the assessments and on October 30, 1970, paid $100.00 which, by agreement of plaintiff and the Commissioner, was an amount sufficient to cover the taxes withheld from one employee for one quarter of the period in dispute. In addition, plaintiff and his wife, on July 1, 1969, filed an amended return for the 1967 tax year reducing their tax liability for that year by $1,972.62 which the Commissioner applied, in part, to the couple's 1969 tax liability and the remainder against the outstanding assessments.

*Pleadings and Evidentiary Matter*

The complaint, filed October 27, 1970, alleges the factual setting of the case and further alleges that the Government's claim is barred by the applicable statute of limitations. Section 6501 of the Internal Revenue Code provides, with certain specified exceptions not here applicable, that the Commissioner may make an assessment for taxes due and owing at any time within three years after the liability has accrued. Section 6502(a) provides a six year period thereafter for the collection of the assessment unless an extension of the period is " . . . agreed upon in writing by the Secretary or his delegate and the taxpayer. . . . " The standard form of waiver contained in Offers of Compromise provided that the executing taxpayer agrees to suspension of the running of the statutory period during the pendency of the Offer and for one year thereafter.

The defendant answered on February 26, 1971, denying the allegations of the complaint and counterclaimed, alleging an assessment was made on June 30, 1959, and that the assessment arose by reason of unpaid taxes of Howard F. Marquis Management Company, Inc. Following denial of plaintiff's motion for summary judgment the parties agreed to submit the cause on the basis of plaintiff's affidavit, the deposition of Trainor and the parties' respective memoranda.

There is no dispute that plaintiff executed a Tax Collection Waiver on January 1, 1967, extending the limitations period for collection of the alleged payroll tax liabilities to December 31, 1972. Hence, the Commissioner's collection activities, commencing October 16, 1969, by the recordation of a Federal Tax Lien in the Los Angeles County Recorder's Office, were timely if the purported Offer in Compromise and Waiver were validly executed on October 24, 1960. If not, of course, the limitations period would, by virtue of section 6502(a)(1), have run on June 30, 1965, rendering the Government's lien void.

Plaintiff, by his affidavit, alleges:

"That he has no present recollection of having ever filed such an Offer in Compromise on October 24, 1960, or on any date whatsoever . . . . That he has no present recollection of ever having received a copy of such an Offer of Compromise or any Offer of Compromise of any other date bearing the signature of any representative of the United States of America."

Trainor's deposition testimony, taken October 14, 1971, purports to establish affirmatively the timeliness of the Government's June 30, 1959, assessment and its collection activities.

In 1960, at the time of the purported Offer, Trainor was Chief of the Collection Division of the Chicago District Office of the Internal Revenue Service and, as such, was custodian of all records contained in the District Office, including Offers in Compromise. Train-

or testified that at his direction a search had been conducted for plaintiff's alleged Offer but that this document would have been destroyed in the normal course of IRS records disposal procedures and was so destroyed.

Absent direct proof of the existence of the 1960 Offer, Trainor sought to establish its existence indirectly. Specifically, he referred to IRS Form 656, the standard Offer in Compromise form in use in the Chicago office in 1960, and stated that under Treas.Reg. § 301.-7122–1(f) no Offer would be accepted unless it contained a waiver by the taxpayer of the statutory limitations period during the pendency of the Offer and one year thereafter. Trainor stated that it was the policy of the Chicago District Office to summarily reject any purported Offer in Compromise unless executed on a Form 656.

Trainor further stated that Form 2515, Record of Offer in Compromise, was regularly used by him in the course of his duties and stated that a Form 2515 was recorded for plaintiff for the purpose of compromising a $138,247.18 tax liability. A Form 2515 was regularly recorded immediately following receipt of an Offer in Compromise, Trainor stated.

Under the procedure in effect in Chicago in 1960, Trainor testified that the Chief of the Accounts Section was required to sign any Offer in Compromise received by the District Office and prior to any action on the Offer. Further, Trainor said that a letter of rejection of the Offer had been mailed to plaintiff on September 7, 1961. See Rohde v. United States, 415 F.2d 695 (9th Cir. 1969).

*Proving Plaintiff's Execution of the Offer in Compromise*

Plaintifff concedes that he bears the burden of proof on the issues raised in a complaint for a refund of taxes under ordinary circumstances but asserts: (1) this case does not involve such factors, and (2) the Government bears the burden of proof on issues relating to the counterclaim. The counterclaim, of course, filed in response to the complaint for refund, seeks to place the entire amount of the assessed liability in issue. The contention that the Government bears the burden on those issues raised in the counterclaim simply because it is the nominal "plaintiff" therein seems, at best, anomalous.

■■■ Ordinarily, a taxpayer is not permitted to pay part of his liability and assert an action for refund thereof in order to test the Government's case. However, Section 7422(e) makes an exception in the case of withholding tax liability and is evidently designed to place the entire sum in controversy and obtain a decision by the Court which is dispositive of the entire liability. Where the factual issues involved in the counterclaim amount do not differ from those raised on the principal action, no logical reason appears for differing standards of proof.

■■■ Plaintiff's argument that he does not bear the burden of proof because of the nature of this case is less simply determined. If plaintiff were compelled to bear the burden on all matters, he would be placed in the situation of having to negate the Government's allegation that the statute of limitations had not run. The long established rule in tax cases is that the taxpayer should not have to bear such a heavy burden. Farmers Feed Co. v. CIR, 10 BTA 1069 (1928). In T. W. Warner Co. v. CIR, 19 BTA 872 (1930), an Indiana corporation transferred its entire assets to a Delaware corporation of the same name. The Commissioner asserted a deficiency against it after expiration of the applicable statute of limitations. Waivers were signed by the former secretary of the taxpayer, the transferor corporation, and contained no indication in the signature whether the corporation was the Indiana corporation or the Delaware corporation. The Board of Tax Appeals held:

"Since the record shows the date of filing of the return and the expiration

of the five year period, the burden of proving an extension is upon respondent [the Commissioner] . . ., and he takes the risk of any defect in the documents upon which he relies as waivers." 19 BTA at 877.

Nevertheless, the question presented on both the complaint and the counterclaim is whether the assessment was made within the period of the statute of limitations. It may not be necessary to prove the waiver from the actual document if the Government can establish indirectly that it exists and was validly executed. Hence, it would seem that an argument relating to which of the parties bears the burden of proof, much discussed in the briefs, may beg the question if the Government can and does show an extension of the statutory period.

 The Court has been able to locate only one case dealing with a situation similar to the case at bar. Eclipse Lawn Mower Co. v. United States, 1 F. Supp. 768 (Ct. Claims 1932), involved a waiver of the limitations period purportedly executed by the taxpayer which was misplaced in the Commissioner's office and could not be located. The Court of Claims held that notations made in the bureau's record of taxpayer by the supervising auditor in charge of reviewing taxpayer's case were sufficient to establish that a waiver had been executed and filed by the taxpayer and, hence, held that the waiver was in effect at the time the tax was assessed and collected. The Eclipse Lawn Mower case would seem, therefore, to establish a precedent for allowing a waiver to be proved by indirect evidence of Internal Revenue Service records. See also California Evidence Code §§ 1270, 1271, 1280 and Fed.R.Civ.P. 43(a).

### The Rohde Problem

At first glance, one would think that the Eclipse Lawn Mower case would also allow proof of valid execution by an IRS official to be made directly. Nonetheless, the Court is here confronted with two additional problems: (1) Treas.Reg.

§ 301.6502(a)(2)(i), requiring execution of the Offer by a representative of the Commissioner, has been strictly construed in this Circuit, Rohde v. United States, 415 F.2d 695 (9th Cir. 1969), and (2) the Eclipse Lawn Mower case which allowed only indirect proof of the taxpayer's waiver but was decided before promulgation of Tres.Reg. § 301.-6502(a)(2)(i), and applied the rule that a waiver need not be executed by representative of the Commissioner to be valid. Nevertheless, on the whole record, the Court finds that the Offer in Compromise (and hence the waiver of the statute of limitations) was executed.

Accordingly, the defendant is entitled to judgment against the plaintiff on the plaintiff's claim and on defendant's counterclaim.

This memorandum will constitute the Court's Findings of Fact and Conclusions of Law.