THOMAS T. MANTZEL and PAMELA S. NICKERSON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Mantzel v. Commissioner
Docket No. 4182-79.
United States Tax Court
T.C. Memo 1981-169; 1981 Tax Ct. Memo LEXIS 571; 41 T.C.M. (CCH) 1237; T.C.M. (RIA) 81169; April 9, 1981. *571 Ps and R's delegate executed a consent extending the period of the statute of limitations in this case, but such consent was not dated. Held, R failed to carry his burden of proving that such consent was executed prior to the running of the period of limitations. Fred A. Sanders and Cordell B. Moore, Jr., for the petitioners. Mark D. Petersen, for the respondent. SIMPSON
MEMORANDUM FINDINGS OF FACT AND OPINION SIMPSON, Judge: The Commissioner determined a deficiency of $ 66,549.50 in the petitioners' Federal income tax for 1973. The only issue for decision is whether the Commissioner *572 has carried his burden of proving that a consent extending the period of the statute of limitations was executed by the petitioners and by the Commissioner's delegate prior to the running of such period. FINDINGS OF FACT Some of the facts have been stipulated, and those facts are so found. The petitioners, Thomas T. Mantzel and Pamela S. Nickerson, resided in Fort Worth, Tex., when the petition in this case was filed. They were husband and wife during 1973, and they filed a joint Federal income tax return for such year with the Internal Revenue Service, Austin, Tex.
The petitioners' tax return was timely filed on August 19, 1974. In 1976, Richard F. Gorman, who was the returns program manager of the Internal Revenue Service district office in Philadelphia, Pa., learned that as a result of an IRS audit of a Pennsylvania partnership in which Mr. Mantzel appeared to be a partner, it was possible that there was a deficiency in the petitioners' Federal income tax for 1973. On April 4, 1977, Mr. Gorman sent Mr. Mantzel a Form 872 to be executed and returned. Such form stated that Mr. Mantzel consented to extending the statutory period for assessing Federal income taxes for *573 1973 through December 31, 1977. Mr. Mantzel and Ms. Nickerson received the Form 872, signed it, but failed to date their signatures. Subsequently, the petitioners returned the form to the Philadelphia IRS office. The petitioners do not remember when they signed the form or when they returned the form to the IRS. If the normal procedures in the Philadelphia IRS office had been followed in this case, the Form 872 would have been received by a clerk or secretary, stamped with the date of receipt, examined by a revenue agent to verify its timely receipt, and signed and dated by Mr. Gorman. In addition, if such form had not been received at least 15 days prior to the running of the period of limitations, a notice of deficiency would have been prepared. Such notice of deficiency would have been destroyed if the Form 872 had later been received within the period of limitations, but such notice would have been mailed to the petitioners on the last day of the period if the Form 872 had not been received by that time. In this case, although the IRS received the Form 872 from the petitioners, such form was never stamped with a date of receipt. At some time, the form was signed by *574 Mr. Gorman, but he, too, failed to date the form. Subsequent to the execution of the form by Mr. Gorman, a copy of the form was mailed to the petitioners and received by them. The petitioners have no knowledge of when Mr. Gorman signed the form, and they do not recall when the copy was returned to them. Nor do the petitioners have any knowledge concerning either the envelope in which they received the copy or the cover letter, if any, transmitting the copy. The IRS office in Philadelphia did not prepare, within the period of limitations, a notice of deficiency for the petitioners for 1973. On October 21, 1977, the IRS office in Philadelphia sent Mr. Mantzel a second Form 872. Such form stated that Mr. Mantzel consented to extend the period for assessing Federal income taxes for 1973, as well as for 1974, through December 31, 1978. Such form was signed by Mr. Mantzel on November 22, 1977, mailed to the IRS, received by the IRS on November 25, 1977, and signed by Mr. Gorman on December 6, 1977. On December 28, 1978, the notice of deficiency in this case was mailed to the petitioners. OPINION *575 Section 6501(a) of the Internal Revenue Code of 1954 provides that, as a general rule: the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed (whether or not such return was filed on or after the date prescribed) * * * and no proceeding in court without assessment for the collection of such tax shall be begun after the expiration of such period. The petitioners have the burden of proving when the return was filed, when the period of limitations expired, and that no notice of deficiency was properly sent to them within such period. United States v. Gurley, 415 F. 2d 144 (5th Cir. 1969); Robinson v. Commissioner, 57 T.C, 735 (1972). In this case, it is stipulated that the petitioners' return for 1973 was timely filed on August 19, 1974. Thus, the period of limitations expired on August 19, 1977, unless an exception is applicable. Finally, the Commissioner concedes that no notice of deficiency was sent to the petitioners within such period. The Commissioner takes the position that the period of limitations had not run at the time of the mailing of the notice of deficiency *576 in this case because there were properly executed consents extending such period. He relies on section 6501(c)(4), which provides, in part: (4) Extension by agreement.--Where, before the expiration of the time prescribed in this section for the assessment of any tax imposed by this title, * * * both the Secretary and the taxpayer have consented in writing to its assessment after such time, the tax may be assessed at any time prior to the expiration of the period agreed upon. The period so agreed upon may be extended by subsequent agreements in writing made before the expiration of the period previously agreed upon. [Emphasis added.] The Commissioner concedes that when he relies on such an exception to the general rule, he bears the burden of proving that the exception is applicable. See Bonwit Teller & Co. v. Commissioner, 10 B.T.A. 1300 (1928); Farmers Feed Co. v. Commissioner, 10 B.T.A. 1069 (1928). However, the Commissioner is permitted to carry such burden by introducting secondary evidence. Eclipse Lawn Mower Co. v. United States, 76 Ct. Cl. 354, 1 F. Supp. 768 (1932); *577 Marquis v. United States, 348 F. Supp. 987 (C.D. Cal. 1972), affd. in an unpub. opinion (9th Cir., May 15, 1974). [1]
Here, it is not disputed that if the first Form 872 was effective to extend the period of limitations through December 31, 1977, the second Form 872 was effective to extend such period, as to Mr. Mantzel at least, through December 31, 1978. Thus, the issue for decision is whether the first Form 872 was effective. Such form was executed by the petitioners and by the Commissioner's delegate, Mr. Gorman, but such form was nowhere dated. The Commissioner has offered evidence to show that the form was executed within the statutory period, and we must decide whether he has carried his burden of proof. Mr. Gorman was the sole witness at trial. [2] He admitted that he did not know why the Form 872 was not stamped with a date when it was received by the IRS from the petitioners, that he did not know why such oversight was not corrected by a revenue agent, and that he did not remember when he signed such form. Mr. Gorman also testified that his failure to date the form when *578 he signed it was an unintentional mistake. Despite his admissions, Mr. Gorman was of the opinion that the Form 872 executed by the petitioners was received by the IRS, and signed by him, within the period of limitations. He testified that under the normal procedures of the IRS office in Philadelphia, if the petitioners had not returned the Form 872 to the IRS prior to 15 days before the expiration of the period of limitations, the office would have prepared a notice of deficiency for mailing to the petitioners. According to Mr. Gorman, a search of the files in Philadelphia revealed that no notice of deficiency was prepared during such period. Therefore, Mr. Gorman concluded at trial that the *579 Form 872 was received by the IRS well within the period of limitations. Under normal procedures, such form would have been signed by him shortly thereafter. Mr. Gorman also testified that he was personally involved with the poetitioners' case and that, therefore, if there had been a limitations problem with such case, he would have remembered it. Similarly, he testified that to the best of his knowledge, there was never a case in his office in which the period of limitations had run, and again, he concluded that he would have remembered any limitations problem that would have arisen in this case. In his brief, the Commissioner relies primarily on the testimony of Mr. Gorman to support his position that the Form 872 was timely executed. However, he also attaches great significance to the preparation and execution of the second Form 872. He argues that if the period of limitations had expired in August 1977, the second form would have been neither prepared and mailed by the IRS nor signed by Mr. Mantzel. Thus, he concludes that the first Form 872 was timely executed and was effective. It is certainly possible to infer from the evidence that the Form 872 was executed by the *580 petitioners and by Mr. Gorman within the period of limitations. The fact that Mr. Mantzel signed and returned the second Form 872 indicates that the petitioners believed that they had executed the first form within the period of limitations. Similarly, the fact that Mr. Gorman executed the second form may indicate that he too perceived no problem with the first form. Moreover, Mr. Gorman's testimony was wholly credible, and we are satisfied that, if normal procedures in the Philadelphia IRS office had been followed, a notice of deficiency would have been prepared if the petitioners had not returned the Form 872. We are also satisfied that Mr. Gorman did not recall any limitations problem with the petitioners' case and that, if he had known of such a problem in 1977, he would have remembered it at trial. Nonetheless, in our opinion, the evidence is not sufficient to satisfy the Commissioner's burden of proof. It is reasonable to assume that Mr. Mantzel would not have signed the second Form 872 if he had known that the first Form 872 was ineffective. Yet, the record does not show that Mr. Mantzel was represented by counsel when he signed the second form, and if he was not represented *581 by counsel, he may have been unaware of the requirement that the first Form 872 be executed by Mr. Gorman on or before August 19, 1977. Moreover, it is entirely possible that, if Mr. Gorman signed the first form late, Mr. Mantzel would not have been aware of the untimely signing when he executed the second form. Even if the IRS had mailed a copy of the first form to Mr. Mantzel well before he signed the second form, it is possible that Mr. Mantzel would simply have assumed that Mr. Gorman had executed the first form within the period of limitations. We are also wholly unpersuaded that, in this case, the fact that the IRS did not prepare a notice of deficiency within the period of limitations creates an inference in support of the Commissioner's position. If the IRS had followed its usual procedures, the Form 872 would have been stamped with the date of receipt, reviewed by a revenue agent to verify its timely receipt, and signed and dated by Mr. Gorman. In fact, it is clear to us that such form did not travel the usual channels within the IRS. For some unknown reason, the form was not stamp dated when received. There is no evidence that it was examined by a revenue agent; *582 in fact, the failure to include a date suggests that it was not examined by such an agent. In addition, although Mr. Gorman signed the form, he departed from his usual practice and omitted including the date of his signature. On this record, we do not know when the Form 872 was in fact executed by Mr. Gorman on behalf of the Commissioner. It is possible that the form was not returned by the petitioners until after or shortly before the expiration of the period of limitations and that the IRS simply neglected to prepare a notice of deficiency. It is equally possible that the Form 872 was received by IRS in time, that it was subsequently put aside or misplaced, that that it was given to Mr. Gorman for signing only after the period of limitations had expired. One fact is indisputable: the case was not handled in accordance with the normal procedures, and therefore, we cannot infer from the failure to prepare a notice of deficiency that the Form 872 was received and executed in due course. Finally, with respect to Mr. Gorman's inability to recall any limitations problems in 1977, in our opinion, it is not unlikely that if Mr. Gorman overlooked the lack of a date stamp on the Form *583 872, and if he neglected to date his signature, that he would not have noticed that the period of limitations had already expired when he executed the form. Moreover, he admitted at trial that on many days he was given a large number of Forms 872 to sign, and it is not unlikely that each form did not receive his careful attention. After evaluating all the evidence, we conclude that, at best, the evidence is in relative balance. Therefore, since the Commissioner has the burden of proving that the first Form 872 was timely executed, we hold that he has failed to carry his burden and that the statute of limitations had expired on the assessment of a deficiency when the notice of deficiency was sent to the petitioners in 1978. Decision will be entered for the petitioners. Footnotes
1. See also Peters v. Commissioner, T.C. Memo. 1978-219↩.
2. The petitioners did not testify at trial. However, it is stipulated that the petitioners do not remember when they signed the Form 872, or when they returned such form to the IRS, or when the copy of such form was returned to them. It is also stipulated that the petitioners do not know when the form was signed by Mr. Gorman and that the petitioners have no knowledge concerning either the envelope in which they received the copy or the cover letter, if any, transmitting the copy.↩