**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Joel E. COOK, Defendant-Appellant.**

**No. 73–3265.**

United States Court of Appeals,
Fifth Circuit.

May 23, 1974.

Melvin M. Engel, Houston, Tex., for defendant-appellant.

Scott P. Crampton, Asst. Atty. Gen., Tax Div., Meyer Rothwacks, Chief, Appellate Tax Div., Jonathan S. Cohen, Atty., Dept. of Justice, Washington, D. C., James R. Gough,. Asst. U. S. Atty., Anthony J. P. Farris, U. S. Atty., Olney G. Wallis, Asst. U. S. Atty., Houston, Tex., Libero Marinelli, Jr., Atty. Tax Div., Dept. of Justice, Washington, D. C., for plaintiff-appellee.

Before JONES, THORNBERRY and COLEMAN, Circuit Judges.

JONES, Circuit Judge:

The facts are not complex and are not in dispute. The question presented for decision is a narrow one. On July 6, 1962 a tax assessment was made by the United States against the appellant, Joel E. Cook. On February 24, 1965 Cook submitted to the Treasury Department an offer in compromise on a printed form furnished by the Internal Revenue Service. Included in the offer in compromise, and a part of the printed form, is the provision that,

> "The undersigned proponent waives the benefit of any statute of limitations applicable to the assessment and/or collection of the liability sought to be compromised, and agrees to the suspension of the running of the statutory period of limitations on assessment and/or collection for the period during which this offer is pending, or the period during which any installment remains unpaid, and for one year thereafter."

At the end of the printed form and following the offer in compromise is a blocked space with a provision reading:

> "Waiver of statutory period of limitations is hereby accepted by the undersigned."

followed by a line for signature with "District Director of Internal Revenue" under it, and a space for the date.

The District Director signed the acceptance of waiver on March 5, 1965.

On September 17, 1965 the offer in compromise was rejected. On January 5, 1970 the Government brought an action against Cook asserting the tax liability. Cook set up the bar of limitations. The statute of limitations provides that a tax assessment may be collected by a proceeding in court only if such proceeding is begun

"(1) within 6 years after the assessment of the tax, or

"(2) prior to the expiration of any period for collection agreed upon in writing by the Secretary or his delegate and the taxpayer before the expiration of such 6-year period." 26 U. S.C.A. § 6502(a).

The quoted statute was implemented by a Treasury Regulation in these terms,

"The 6-year period of limitation on collection after assessment of any tax may, prior to the expiration thereof, be extended for any period of time agreed upon in writing by the taxpayer and the district director. The extension shall become effective upon execution of the agreement by both the taxpayer and the district director." 26 C.F.R. § 301.6502–1(a)(2)(i).

 If the suspension of the running of the statutory period of limitations commenced on February 24, 1965, the date when the taxpayer Cook submitted the offer in compromise, which incorporated a waiver of the running of limitations, the action was timely brought. It is so contended by the Government. It was so decided by the district court. On the other hand, if the suspension period did not commence until March 5, 1965, the date of the acceptance of the waiver by the District Director, the action was brought too late and is barred by limitations. Such is the contention of the taxpayer Cook. Such is the conclusion of this Court.

The district court followed and the Government here relies upon a number of decisions of this Court holding that the waiver is effective when signed by the taxpayer and delivered to the District Director regardless of when or whether it is signed by the District Director. John M. Parker Co. v. Commissioner of Internal Revenue, 5th Cir. 1931, 49 F.2d 254; Shambaugh v. Scofield, Collector, 5th Cir. 1942, 132 F.2d 345; Myrick v. United States, 5th Cir. 1961, 296 F.2d 312. The district court took note of the Treasury Regulation above cited and commented that this Court could not have been unaware of the Regulation in rendering its decision made in 1961. It is to be noted here, however, that all of the prior decisions of this Court were made in cases arising under the Revenue Act of 1939 or under earlier statutes. The provision of the Regulation that the extension shall become effective upon execution of the agreement by the taxpayer and the district director has no counterpart in the prior Regulations. Rohde v. United States, 9th Cir. 1969, 415 F.2d 695. A Treasury Regulation which is a reasonable interpretation of a section of the Internal Revenue Code has the force and effect of law. Whirlwind Manufacturing Company v. United States, 5th Cir. 1965, 344 F.2d 153.

In Rohde v. United States, supra, it was held that a taxpayer's waiver of the statute of limitations, submitted as part of his offer in compromise, was not effective without the District Director's signature. This decision construed and applied the Regulation. The Court said:

"The event which fixes the effective date of a waiver could have been the unilateral act of the taxpayer in signing the waiver, but the statute does not say that. The statute requires an 'agreement' of the taxpayer and the Government. True 'agreement' does not mean 'contract' in this setting. It means expressed assent. But the statute is still unclear about the effect which the lack of expressed assent has upon the validity of the waiver. That ambiguity is resolved by [the Regulation] . . .

"The Treasury Department could not have chosen plainer words to state

that the event which makes the waiver operative is the signature of the District Director. It is his act in signing the waiver that stops the limitations clock . . .

"In the context of the Regulation, . . . the word [execution] means 'signed,' there is nothing for either the director or the taxpayer to 'perform.' That the Treasury Department construes 'execution' as 'signed' is evidenced by the very form provided by the Government to the taxpayer in this case. It recites acceptance of the waiver by the Commissioner's delegate, states that the offer in compromise will be considered, and provides a signature line for the Commissioner's delegate." 415 F.2d 695, 698.

The sound reasoning of the Rohde case applies in all respects to the case here decided.

The Government argues that the date of the District Director's signing the acceptance of the waiver is irrelevant, because appellant's offer was "pending" as soon as it was received at the District Director's office. The word "pending" is taken from the offer in compromise form. However, the argument that the District Director's signature has no significance is expressly inconsistent with the language of the Regulation.

It is our conclusion that the Regulation is valid and binding upon the Government, that the waiver contained in the offer in compromise is not effective until there has been an agreement evidenced by an execution by signing of the District Director, that recovery of the disputed tax is barred by the statute of limitations, and that the judgment of the district court must be reversed.

The judgment of the district court includes a tax claim which is not included in the controversy before us. Therefore, the cause will be remanded to the district court for the entry of an appropriate judgment.

Reversed and remanded.