UNITED STATES of America,
Plaintiff–Appellee,

v.

Alene CONRY, Defendant–Appellant.

UNITED STATES of America,
Plaintiff–Appellee,

v.

Leonard M. CONRY,
Defendant–Appellant.

Nos. 78–2096, 78–2097.

United States Court of Appeals,
Ninth Circuit.

Submitted June 16, 1980.

Decided Sept. 2, 1980.

Michael J. Murray, Leonard M. Conry, Eureka, Cal., for defendants–appellants.

Gary Allen, Ronald A. Dweck, Washington, D.C., for the U. S.

Before SNEED and POOLE, Circuit Judges, and PFAELZER,* District Judge.

PER CURIAM.

Appellant taxpayers appeal from entry of judgment for the government in a consolidated case in which the district court found them liable for unpaid taxes and issued a decree of foreclosure on their residence. They contend that the government's suit to collect taxes for taxable years 1956 and 1958 was barred by the statute of limitations, that the foreclosure decree was improper, and that the court below erred in its computation of tax liability.

The statute of limitations issue resolves into an evidentiary question. The limitations period for both assessment of unpaid taxes, 26 U.S.C. § 6501(e)(1), and collection of taxes after assessment, 26 U.S.C. § 6502(a)(1), may be extended if both the Secretary of the Treasury and the taxpayer consent in writing to a waiver. 26 U.S.C. §§ 6501(c)(4) and 6502(a)(2). At the trial in the instant case, the government did not introduce into evidence written waivers signed by appellants because, pursuant to

---

* Honorable Mariana R. Pfaelzer, United States District Judge for the Central District of California, sitting by designation.

standard IRS procedure, the documents had been destroyed. Instead, the government attempted to prove the content of such waivers by means of circumstantial evidence, a method of proof which appellants attack as defective.

█ Cases dealing with this precise issue have permitted indirect proof of waivers through admission of evidence of IRS records and procedures. *Marquis v. U.S.*, 348 F.Supp. 987 (C.D.Cal.1972); *Eclipse Lawn Mower Co. v. U.S.*, 1 F.Supp. 768, 76 Ct.Cl. 354 (1932). In suits involving tax matters, as in cases presenting other issues, proof of the contents of a document through circumstantial evidence is appropriate under Fed. R.Evid. 1004, although, in the absence of the document itself, the government bears the burden of showing that the waiver was validly executed. *Murray v. U.S.*, 292 F.2d 602 (1st Cir. 1961).

█ The district court heard evidence regarding normal practices of the IRS which established the likelihood that appellants had executed waivers extending the limitations periods for assessment, and collection of their unpaid taxes. The court's finding that the statute of limitations had been waived was not clearly erroneous and therefore will be sustained.

Appellants' challenges to the foreclosure decree and the computation of liability are without merit, and appear to reflect misunderstanding of the proceedings below and of applicable law.

The judgment below is AFFIRMED.