UNITED STATES of America

v.

Gerald MILLER.

Civ. No. Y–83–3074.

United States District Court,
D. Maryland.

May 16, 1984.

Lawrence L. Hooper, Jr., Asst. U.S. Atty., Baltimore, Md., and Stuart M. Fischbein, Washington, D.C., for plaintiff USA.

Gerard P. Martin, Baltimore, Md., and Kaye Allison, Baltimore, Md., for defendant Gerald Miller.

## MEMORANDUM

JOSEPH H. YOUNG, District Judge.

In this civil action, the federal government is seeking assessed but unpaid income taxes, interest and penalties from the defendant, Gerald Miller. The defendant has moved the Court to dismiss the action for failure to comply with the statute of limitations set forth in the Internal Revenue Code. The government contends that the permissible period for the institution of this action was extended by the defendant's waiver contained in an "Offer of Compromise" which he made to the government in 1976. The defendant contends that the waiver was ineffective. Having reviewed the submissions of the parties and the uncontradicted affidavit of a government witness, the Court has determined that the defendant's waiver of the statute of limitations was effective, and his motion to dismiss will be denied.

On March 12, 1976, the Internal Revenue Service assessed federal income tax liabilities for several years in the 1960's against the defendant. On July 23, 1976, the defendant submitted to the I.R.S. a signed "Offer of Compromise," on a preprinted government form, offering to compromise his tax liabilities for a cash payment of $15,000. Several months later, on January 20, 1977, the defendant's offer of compromise was rejected by the Internal Revenue Service. The present action was filed on August 26, 1983.

The Offer of Compromise contained the following provision which is relevant to the statute of limitations issues presented here:

6. The undersigned proponents [the defendant here] waive the benefit of any statute of limitations applicable to the assessment and collection of the liability

sought to be compromised, and agree to the suspension of the running of the statutory period of limitations on assessment and collection for the period during which this offer is pending, or the period during which any installment remains unpaid, and for one year thereafter.

If this provision was not effective, the defendant's motion to dismiss should be granted, because the applicable statutes of limitations provide that the government must act to enter judgment on assessments for back taxes, penalties and interest within six years of their assessment, 26 U.S.C. § 6502(a), 6601(g), 6660. Absent any waiver by the defendant, then, the statute of limitations would have run on March 12, 1982, and this action would be time-barred.

If, however, the provision was in effect, it would have suspended the running of the statute of limitations for the period between the filing of the offer of compromise and its rejection plus one year, or a period of one year and 181 days. Tolling the statute for that period of time would extend the deadline for filing this case from March 12, 1982, until September 9, 1983, meaning that the statutory period had not run when the suit was filed (August 26, 1983) and the defendant's motion should be denied.

The defendant contends that the waiver was not effective because the government has not produced—and cannot produce—a copy of the "Offer of Compromise" signed by an I.R.S. employee. Indeed, the statute governing any extensions of the statutory period provides that extensions are granted only for a period of time "agreed upon in writing by the Secretary or his delegate and the taxpayer." 26 U.S.C. § 6502(a).

■ The government first argues that, even if the agreement was not signed, the fact that the offer of compromise was rejected creates a presumption that the waiver was accepted. However, the government supports that position by citing several decisions issued before the government promulgated 26 C.F.R. § 201.6502–1(a)(2)(i), which provides:

The 6-year period of limitation on collection after assessment of any tax may, prior to the expiration thereof, be extended for any period of time agreed upon in writing by the taxpayer and the district director. *The extension shall become effective upon execution of the agreement by both the taxpayer and the district director.*

In other words, the suspension of the running of the limitations period does not commence until the form is executed—or signed in writing—by both the taxpayer and the I.R.S. employee. *United States v. Ressler*, 576 F.2d 650, 652, *cert. denied*, 440 U.S. 929, 99 S.Ct. 1265, 59 L.Ed.2d 485 (5th Cir.1978); *United States v. Cook*, 494 F.2d 573, 574 (5th Cir.1974). The form used by the I.R.S. in 1976 for an "Offer of Compromise" provides a block for its employee to sign that the "waiver of statutory period of limitations is hereby accepted for the Internal Revenue Service."

■ As mentioned above, the government has not produced the original form which had been executed by the I.R.S. The plaintiff did submit an affidavit, which has not been contradicted, that the procedure followed by the I.R.S. results in the destruction of the original form if the Offer of Compromise is rejected, as it was here. Having explained the absence of the original document, the federal government is permitted to present evidence that the original form was, in fact, signed by an I.R.S. representative. Rule 1004, Federal Rules of Evidence. However, having failed to produce the original, the burden is on the government to show that the "waiver of the statutory period of limitations" was in fact executed by the I.R.S. representative. *United States v. Conry*, 631 F.2d 599, 600 (9th Cir.1980).

■ In its affidavit, the government presented the admissible testimony of an I.R.S. employee familiar with the practices used in 1976 by the Baltimore district office of the I.R.S. (where the "Offer of Compromise" was filed). The employee, John Requard, stated that certain entries would not have been made on certain

records unless, in fact, the waiver at issue here had been signed and accepted by an I.R.S. representative.

In light of the uncontested affidavit, the government has established that the original "Offer of Compromise" signed by the defendant contained an acceptance of the waiver of the statute of limitations by an I.R.S. agent, and that the document was subsequently destroyed. Accordingly, the statute of limitations was tolled for the period discussed above, and the government's suit was filed in a timely fashion.

The defendant's motion to dismiss will, therefore, be denied.