65 F.3d 176
 76 A.F.T.R.2d 95-6401
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Roman A. DiMEO, Defendant-Appellant.
 No. 91-55660.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 16, 1995.*
Decided Aug. 23, 1995.
 
 Before: ALARCON, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Roman A. DiMeo appeals pro se the district court's judgment for the United States after a bench trial in the United States's action seeking to reduce to judgment a 100% penalty assessment against DiMeo for willful failure to collect, truthfully account for, and pay over federal withholding and social security taxes for the employees of PurAire Products, Inc. (the "Company") for the last three quarters of 1979 and the first quarter of 1980. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 * Statute of Limitations on Assessment
 
 
 4
 DiMeo contends that the district court erred by finding that he waived the statute of limitations on assessment because the government failed to present sufficient evidence to establish that DiMeo signed a waiver. This contention lacks merit.
 
 
 5
 We review for clear error the district court's finding of fact that a taxpayer executed a waiver of the statute of limitations on assessment. See United States v. Conry, 631 F.2d 599, 600 (9th Cir.1980).
 
 
 6
 Under section 6501(c)(4), the statute of limitations on assessment may be extended if both the Secretary of the Treasury and the taxpayer consent in writing to a waiver. 26 U.S.C. Sec. 6501(c)(4); Conry, 631 F.2d at 599. The government bears the burden of establishing that the waiver was validly executed. Conry, 631 F.2d at 600.
 
 
 7
 Here, it is undisputed that the Internal Revenue Service ("IRS") assessed the 100% penalty against DiMeo for the last three quarters of 1979 more than three years after those quarterly returns were deemed filed.[1] Although DiMeo maintained that he did not execute a waiver extending the statute of limitations on assessment, the district court found that DiMeo executed a waiver. In making its finding, the district court relied on circumstantial evidence and IRS employees' testimony concerning IRS standard procedure for obtaining an extension of the limitations period.
 
 
 8
 We reject DiMeo's contention that the district court clearly erred by finding that the government's evidence established that DiMeo extended the statute of limitations on assessment by signing a waiver form ("Form 2750"). Although the government could not produce a copy of part 1 of the Form 2750 containing DiMeo's signature[2], the government's evidence and witnesses established (1) that the IRS sent a Form 2750 to DiMeo, (2) that IRS employees located part 3 of DiMeo's Form 2750 containing the originating officer's signature in the files of the special procedures unit, and (3) that IRS procedure required that the originating officer only sign part 3 of the Form 2750 and send it to the special procedures unit after the taxpayer has signed part 1 of the form.[3]
 
 
 9
 DiMeo offered no explanation why part 3 of a Form 2750 addressed to him was found in the special procedure unit's files. Instead, DiMeo attempted to impeach the government's evidence by arguing that the IRS failed to follow standard procedure in minor aspects of the case. Because indirect proof of waivers through admission of evidence of IRS records and procedures is a valid method of proving that a taxpayer executed a waiver, the district court did not clearly err by concluding that DiMeo waived the statute of limitations on assessment. Id.
 
 II
 Merits
 A. Responsible Person
 
 10
 DiMeo contends that the district court erred by finding that he was a "responsible person" within the meaning of 26 U.S.C. Sec. 6672 because he neither exercised actual authority nor was involved in the daily operations of the company. This contention lacks merit.
 
 
 11
 We review for clear error the district court's finding of fact that a taxpayer is a responsible person within the meaning of 26 U.S.C. Sec. 6672. Maggy v. United States, 560 F.2d 1372, 1375 (9th Cir.1977), cert. denied, 439 U.S. 821 (1978).
 
 
 12
 Under section 6672, responsibility "is a matter of status, duty, and authority, not knowledge." Davis v. United States, 961 F.2d 867, 873 (9th Cir.1992), cert. denied, 113 S.Ct. 969 (1993). A responsible person is one who has the "final word as to which bills should or should not be paid and when." Purcell v. United States, 1 F.3d 932, 936 (9th Cir.1993). A person is deemed to have the final word if the person "had the authority required to exercise significant control over the corporation's financial affairs, regardless of whether he exercised such control in fact." Id. at 937.
 
 
 13
 Here, the district court found that DiMeo was a responsible person because he had the "ability to control and to direct the payments that the corporation ma[d]e." The court based its finding upon evidence that established that DiMeo was an officer of the Company and that DiMeo opened bank accounts and negotiated loans for the Company. DiMeo also (1) was a director of the Company from its inception, (2) was a signatory on all the Company's bank accounts, (3) had the authority to sign the Company's tax returns, and (4) issued checks to pay various creditors, including himself.
 
 
 14
 We reject DiMeo's contention that he was not a responsible person for the quarters at issue because he did not exercise "actual authority" or because he was not involved in the daily operations of the Company. First, evidence offered at trial indicates otherwise. Second, even if DiMeo's version of events is accepted, he still is a responsible person within the meaning of the Code because he had the "authority required to exercise significant control over the corporation's financial affairs, regardless of whether he exercised such control in fact." Id.
 
 
 15
 Accordingly, the district court did not clearly err by finding that DiMeo was a responsible person within the meaning of section 6672. Maggy, 560 F.2d at 1375.
 
 B. Willfulness
 
 16
 DiMeo contends that the district court erred by finding that he acted willfully in failing to collect and pay over withheld taxes. This contention lacks merit.
 
 
 17
 We review for clear error the district court's finding of fact that a person acted willfully in failing to collect and pay over withholding taxes. See id. at 1376.
 
 
 18
 A person acts willfully within the meaning of section 6672 when he makes a "voluntary, conscious and intentional act to prefer other creditors over the United States." Davis, 961 F.2d at 873.
 
 
 19
 Here, the district court found that DiMeo acted willfully in failing to collect and pay over taxes because DiMeo was aware of the unpaid IRS obligations before he obtained a $20,000 loan and paid a supplier.[4]
 
 
 20
 On appeal, DiMeo maintains that the evidence did not establish that he was aware of the unpaid IRS obligations at the time he obtained the loan and paid the supplier.
 
 
 21
 We agree with the district court that the state of the financial affairs of the Company at the time David Carlton left on October 13, 1979, or at least by the time DiMeo filed a lawsuit against Carlton in November of 1979, was such that DiMeo must have known that the Company owed outstanding obligations to the IRS. Furthermore, DiMeo admitted at trial that after he became aware of the outstanding IRS obligations, he instructed the sales people to pay one and one half times the product cost on any new orders to keep the business operating. Because DiMeo preferred another creditor over the United States after he became aware of those outstanding IRS obligations, he acted willfully within the meaning of the Code. Id.
 
 
 22
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because the IRS assessed the 100% penalty for the first quarter of 1980 within three years from the date the return was deemed filed, that assessment was timely. See 26 U.S.C. Sec. 6501(b)(2)
 
 
 [2]
 As in Conry, the government destroyed the waiver pursuant to IRS policy at the time. See Conry, 631 F.2d at 600
 
 
 [3]
 The district court also noted that "the chances of error ... are diminished because part 3 would only be separated from the rest of the multi-part carbon copy form after it had been signed."
 
 
 [4]
 Although Carlton's testimony was contradicted by DiMeo's testimony on this point, the district court appears to have accepted Carlton's version of events. To the extent that the district court's finding of fact was predicated on credibility determinations, it is entitled to even greater deference. See Anderson v. Bessemer City, 470 U.S. 564, 575 (1984)