**UNITED STATES of America,
Plaintiff,**

v.

**Eloise B. HOLT, Stephen J. Holt,
and James Bradley Lovering,
Defendants.**

**No. 1:97–CV–158–2–(WLS).**

United States District Court,
M.D. Georgia,
Albany Division.

Sept. 7, 1999.

Michael N. Wilcove, Department of Justice, Washington, DC, for United States of America, ex rel. Donald Dempsey.

Danny S. Shepard, Colquitt, GA, for Stephen Joseph Holt.

Danny Clifton Griffin, Colquitt, GA, for James Bradley Lovering.

Neal Weinberg, Macon, GA, for Eloise B. Holt.

### ORDER

SANDS, District Judge.

The Government filed this action to recover damages for an unpaid tax liability due on the Estate of Willie G. Holt. The gravamen of the Government's complaint is that the defendants named herein are allegedly liable for the unpaid tax of the estate under Georgia law because they are beneficiaries of the estate. The Court has jurisdiction over this action, pursuant to 28 U.S.C. § 1345.

After an initial discovery and scheduling conference, the parties have filed several motions, principally the defendants' motions based upon their equitable defenses and the Government's motion for summary judgment against each of the defendants. After reviewing the parties' arguments and the admissible evidence presented in support of their respective claims, and for the reasons discussed herein, the Court holds that the parties' respective motions should be denied, and the scheduling order amended to allow further discovery to proceed.

### ALLEGATIONS IN THE COMPLAINT AND COUNTERCLAIM

The Government alleges that the defendants are liable for taxes due on the Estate of Willie G. Holt, in pertinent part, as follows:

1. "Willie G. Holt died on June 29, 1978." Compl. ¶ 5.

2. Defendants Eloise B. Holt, Stephen J. Holt, and James B. Lovering were beneficiaries of the Estate of Willie G. Holt ("the Estate"). Compl. ¶¶ 3, 6.

3. As a beneficiary of the Estate, Eloise Holt received property valued, as of the date of the death of Willie G. Holt, in the amount of $58,376.71. Compl. ¶ 8.

4. As a beneficiary of the Estate, James Lovering received property valued, as of the date of the death of Willie G. Holt, in the amount of $12,639.38. Compl. ¶ 9.

5. As a beneficiary of the Estate, Stephen Lovering received property valued, as of the date of the death of Willie G.

Holt, in the amount of $12,639.38. Compl. ¶ 10.

6.  On May 14, 1979, the Government assessed the Estate for an unpaid federal estate tax liability in the amount of $46,010. "This estate liability was shown on the federal estate tax return for [the Estate], filed by the Executor, Donald G. Holt (now deceased)." Compl. ¶ 11.

7.  "Pursuant to Section 6161(a)(2) of the Internal Revenue Code, a delegate of the Secretary of the Treasury extended the time for payment of the amount of federal estate tax shown on the return for a period not in excess of ten years. As a result of such extension of time, the statute of limitations for collecting the liability [in the amount of $46,010] has not expired." Compl. ¶ 12.

8.  "Despite certain payments and credits, there is currently due and owing, after notice and demand therefor, the sum of $88,610.14, plus further accruals of interest thereon with respect to the federal tax liability shown on the federal estate tax return filed by Donald G. Holt, as Executor for [the Estate]." Compl. ¶ 13.

9.  Pursuant to O.C.G.A. § 53–7–95, the defendants are required to pay the Government "the value of the property that they received as beneficiaries of [the Estate] or such pro rata share as the law mandates." Compl. ¶ 14.

10. Pursuant to O.C.G.A. § 53–12–192, the defendants are required to "turn over to plaintiff any property currently in his possession that they received as beneficiaries of [the Estate]." Compl. ¶ 15.

In their counterclaims, the defendants allege that the Government is liable for a tax refund. Specifically, the defendants allege that they "actually overpaid the original taxes due in the return as [the Government alleges] that the taxes in the Complaint are due. Consequently, Defendants are entitled [to] a refund of the overpaid estate taxes." Holt Ans., Counterclaim (Doc. No. 11). In connection with their response to the Government's motion to dismiss their counterclaims, Defendants Eloise Holt and Stephen Holt filed an Amendment to Counterclaims (Doc. No. 32) which specifies that they are entitled to a refund in the "principal sum of $57,766.00, together with interest as provided by law."

## DISCUSSION

### I  *Government's Motion to Dismiss Defendants' Counterclaims*

The Government has moved to dismiss the defendants' counterclaims for the recovery of a refund due for their allegedly overpaid taxes. The Government contends that the Court lacks subject matter jurisdiction over the defendants' counterclaims because they have failed to satisfy the prerequisites to filing suit, namely, by filing the proper administrative claims for refunds. Second, the Government contends that the defendants lack standing to recover for the alleged overpayment in taxes: "the defendants simply allege an overpayment of taxes. They neither specify that they themselves made the payment nor enumerate the amount of the alleged overpayment." Pl.'s Mem.Supp.Mot. Dismiss at 4.

■■■ To prevail on a motion to dismiss under Rule 12(b)(6), the Government must show "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). A motion to dismiss challenges the legal sufficiency of the complaint, and does not invite the Court to assess the veracity or weight of the evidence which may be offered in its support. Thus, the Court is required to accept all of the plaintiff's well pleaded allegations as true, and draw all reasonable inferences in his favor. The Court may dismiss the complaint "only if it is clear that no relief could be granted under any set of facts that could be proved con-

sistent with the allegations." *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984).

In response to the first asserted basis for the Government's motion, the defendants raise two arguments: First, the defendants contend that they may pursue counterclaims for the refunds due under the doctrine of equitable recoupment; and second, defendants point out that they filed administrative claims for the refunds they seek in their counterclaims on or about June 17, 1998. *See* Doc. No. 32, including attachments. In response to the Government's second asserted basis, the defendants argue, in part, that they "actually paid the taxes through a fiduciary from their own funds." Defs.' Resp.Mot. Dismiss at 3.

The Government appears to concede that the doctrine of equitable recoupment, as defined by the Supreme Court in its decision in *United States v. Dalm,* 494 U.S. 596, 110 S.Ct. 1361, 108 L.Ed.2d 548 (1990), may be available to the defendants as a defense to this suit, yet insists that "[h]ere, defendants' counterclaims go beyond attempting to defeat the claims of the United States." Pl.'s Mem.Supp.Mot. Dismiss at 3–4. Secondarily, the Government contests the present status of the defendants' administrative claims: "The claims for refund are less than six months old and defendants do not allege that the Internal Revenue Service has acted on the claims." *Id.* at 5.

■ Pretermitting the issues of whether the defendants have satisfied the administrative prerequisites or may proceed under the doctrine of equitable recoupment to recover on their counterclaims, the Court finds that the defendants have not established that they have standing to recover for such claims. Upon close review of the allegations of fact set forth in the defendants' counterclaims, the Court finds that the defendants have not pled any facts which indicate the extent to which each has paid any of the taxes they seek to recover through their counterclaim. Apart from their assertions in response to the Government's motion, the Court is unable to discern the nature of the tax payments, if any, they have made that would entitle them to standing for which they now seek to recover. Accordingly, the Court holds that the Government's motion should be granted, with leave for the defendants to file an amended counterclaims. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); Fed.R.Civ.P. 8(a), 13(e).

II *Defendants' Joint Motion to Dismiss For Plaintiff's Failure to Satisfy the Statute of Limitations*

■ Defendants have moved to dismiss the Complaint because the Government has allegedly failed to satisfy the applicable statute of limitations. Although the defendants have captioned their motion as one for dismissal, the procedural posture of the case and the materials offered in support of the motion both reveal that the motion is actually one for summary judgment. Rule 12(b) requires notice to be served upon the parties when the Court treats a motion to dismiss as one for summary judgment. *See Jones v. Automobile Ins. Co. of Hartford, Conn.,* 917 F.2d 1528, 1531–35 (11th Cir.1990). Although neither party has expressly waived this notice requirement, the Court finds that the parties have been fairly apprised of the evidentiary bases in support and in opposition to the motion, and thus have constructively waived the notice requirement. *See* Defs.' Joint Mot. Dismiss ¶ 3 ("Under [the scheduling order], the parties were to exchange documents related to these issues. The Defendants are filing the Motion on the basis of the documents provided by Plaintiff.") For these reasons, the Court shall consider and resolve the defendant's motion pursuant to Rule 56.

Under Rule 56(c), summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and

that the moving party is entitled to judgment as a matter of law." The Court is required to "resolve all reasonable doubts about the facts in favor of the non-movant, and draw all justifiable inferences in his or her favor." *Fitzpatrick v. City of Atlanta,* 2 F.3d 1112, 1115 (11th Cir.1993) (quotations and citations omitted).

The moving party carries the initial burden of showing that there is an absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The substantive law governing the case determines which facts are material, and "summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). For issues on which the non-movant bears the burden of proof at trial, the moving party "simply may show—that is, point out to the district court—that there is an absence of evidence to support the non-moving party's case. Alternatively, the moving party may support its motion for summary judgment with affirmative evidence demonstrating that the non-moving party will be unable to prove its case at trial." *Fitzpatrick,* 2 F.3d at 1116 (quotations and citations omitted).

If the moving party overcomes this initial burden, then the non-moving party must show the existence of a genuine issue of material fact that remains to be resolved at trial. *Fitzpatrick,* 2 F.3d at 1116. The adverse party may not respond to the motion for summary judgment simply by denying the allegations set forth by the moving party. Rather, the adverse party "must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Fed.R.Civ.P. 56(e). As the Supreme Court explained, "[t]he moving party is 'entitled to judgment as a matter of law' because the nonmoving party has failed to

make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

■ The defendants have moved to dismiss the Government's complaint as barred by the applicable statute of limitations. The defendants contend that the IRS initially assessed the tax on the estate on May 14, 1979, ("the initial assessment") which showed an estate tax due of $46,010.82. Defs.' Mem.Supp.Mot. Dismiss ¶ 2. The defendants further contend that under the terms of § 6502 of the Internal Revenue Code in force at the time of the initial assessment, the IRS was required to collect the tax due to initiate a suit to collect the tax within six (6) years after the assessment. *Id.* ¶ 9. Congress amended this section to extend the limitations period to ten (10) years, and the amendment applied to taxes assessed before November 5, 1990, if the period under Section 6502 had not expired. *Id.* Under § 6502(a)(2), the collections period may be extended by written agreements, if the period has not expired prior to the time of the agreement. The defendants contend that no written agreement of an extension(s) was provided to them in the course of discovery in this action. *Id.* ¶ 10. The defendants acknowledge that according to the Government's document release, the Government indicates that the statutes of limitations were tolled for "a total of approximately eight years, five months, and four days." *Id.* ¶ 12. Still, the defendants maintain that "the documents do not provide a written agreement on the extension and/or any other basis for extension under the law." *Id.*

Upon review of the defendants' motion, particularly their showing of the absence of any written agreements in the Government's document release in connection with an extension(s) of time to pay the tax due, the Court finds that the defendants have discharged their initial burden under Rule 56(c). *U.S. v. Four Parcels of Real*

*Property,* 941 F.2d 1428, 1438, n. 19 (11th Cir.1991) (en banc) ("[T]he moving party must point to specific portions of the record in order to demonstrate that the non-moving party cannot meet its burden of proof at trial.")

The Government contends that the statute of limitations was tolled during the periods for which the IRS granted the defendants an extension of time to pay the tax. The Government does not dispute the defendants' assertion that no written agreement, as contemplated under § 6502(a), was produced showing an extension(s). Rather, the Government relies upon other evidence which shows that the defendants were granted extensions of time to pay the tax under § 6503(d), which provides, in pertinent part: "The running of the period of limitations for collection of any tax imposed [upon an estate] shall be suspended for the period of any extension of time for payment granted under ... section 6161(a)(2) or (b)(2)." 26 U.S.C. § 6503(d). Section 6161(a)(2), in turn, authorizes the Secretary, "for reasonable cause, to extend the time for payment of (A) any part of the amount determined the executor as the tax imposed by chapter 11 [upon the estate] ... for a reasonable period not in excess of 10 years from the date prescribed by section 6151(a) for payment of the tax." 26 U.S.C § 6161(a)(2). The Government contends that the IRS granted the defendants several extensions under Section 6161(a)(2) totaling eight years, five months, and 4 days. Pl.'s Opp. Def.'s Mot. Dismiss at 6. In support of its contention that the payments due by the defendants were "suspended" due to an extension granted under Section 6161(a)(2), the Government has tendered the declaration of Mr. Kenneth Thompson ("Thompson"), who is employed in the Special Procedures Branch of the Georgia District of the IRS. Thompson has declared that the transcript of the account of taxes due on the Estate show the entries of certain codes which "are consistent with the Estate's having been granted" several extensions of time, pursuant to § 6161. Thompson Decl. ¶¶ 4, 5, 7–11.

Resolving all reasonable doubts about the facts in favor of the non-movant plaintiff and drawing all justifiable inferences in its favor, the Court finds, chiefly through the specific facts set forth in the Thompson declaration, that the Government has satisfied its burden under Rule 56(e) to show that a genuine issue of fact remains for trial as to whether this suit is within the applicable statute of limitations. Fed. R.Evid. 1004; *See United States v. Conry,* 631 F.2d 599 (9th Cir.1980) (holding that the Government may prove by means of circumstantial evidence that the IRS had granted an extension of time to pay the unpaid taxes due) *see also, United States v. McGaughey,* 977 F.2d 1067 (7th Cir. 1992), *cert. denied,* 507 U.S. 1019, 113 S.Ct. 1817, 123 L.Ed.2d 447 (1993); *See Holifield v. Reno,* 115 F.3d 1555, 1561 (11th Cir.1997) (citation omitted) (summary judgment should be denied if reasonable minds could draw different inferences from the undisputed facts).

Accordingly, the Court concludes that the defendants' motion for summary judgment with respect to whether the Government's action is barred by the statute of limitations should be denied.

III *Defendants' Motion for Summary Judgment on Defense of Equitable Estoppel and The Government's Motion for Summary Judgment as to the Defendants' Liability*

■ The defendants have moved for summary judgment based upon their asserted defenses of release and equitable estoppel. The defendants contend that the Government's releases of certain tax liens, filed in March of 1996, amounts to affirmative misconduct, and upon which the defendants relied to their detriment, which supports their equitable defenses of satisfaction and estoppel to the claims raised by the Government in this action. Specifically, Defendant Stephen Holt contends that he intentionally defaulted on his loan to Defendant Eloise Holt and elected to interplead both Eloise and the IRS as defendants in order to force a resolution

upon Eloise and the IRS. Defs.' Mem. Supp.Mot.Summ.J. at 12. When the Government filed the releases soon thereafter, Stephen and Eloise renegotiated the terms of the loan. In this way, the defendants contend that they relied upon the Government's releases from the pending tax liens in negotiating certain payments between them.

In response to the defendants' motion, the Government argues that the defendants cannot, as a matter of law, prevail on their defenses of satisfaction and equitable estoppel. In support of its argument, the Government presents an account of the nature of the interpleader that Defendant Stephen Holt could have asserted, and in turn, would have failed. Pl.'s Mem. Opp.Summ.J. at 7–8. The defendants have rejected the Government's characterization of the nature of the interpleader action that Defendant Stephen Holt had contemplated in 1996. Defs.' Reply at 3–4. Underlying the parties' divergent views of the nature of the interpleader, however, is a dispute about the facts involved in the series of transactions, namely, the payments that Defendant Stephen Holt made in connection with the taxes due on the Estate, as well as his conduct with respect to the interpleader action in light of the Government's releases of the liens. *See* Defs.' Statement of Facts ¶¶ 4, 14–15, 18–19. As to each of these facts, the Government has sought a continuance for further discovery, pursuant to Rule 56(f) of the Federal Rules of Civil Procedure.

Upon review of the defendants' motion and the Government's response thereto, the Court finds that a continuance for further discovery is fully warranted. After reviewing the evidentiary materials offered by the defendants in support of their motion, particularly the affidavit submitted by Defendant Stephen Holt, the Court notes that several factual inquiries in connection with the interpleader action must be resolved in order to arrive at a proper resolution of whether the defendants can avail themselves of the doctrine of equitable estoppel against the Government. The Court expressly reserves any decision(s) concerning the legal elements essential to the claims embraced in the defendants' motion for summary judgment until such time that the evidence in the record is more fully developed, as contemplated by Rule 56. Accordingly, the Court concludes that the defendants' motion should be denied, without prejudice. The defendants may refile their motion at an appropriate, later stage in these proceedings.

■ The Government has moved for summary judgment against the defendants for the full amount of liability allegedly owed by all of the defendants. Central to the Government's motion is its statement of fact that "[w]ith accruals of interest and statutory additions, the amount due and owing, as of October 16, 1997, on the liability reflected on the federal estate tax return of Willie G. Holt was $81,554.74." Pl.'s Statement of Facts ¶ 3. Mindful that this statement is offered primarily with respect to ascertaining the sum for which the defendants are allegedly liable, *see* Thompson Decl. ¶ 18, the Government matter-of-factly asserts that that sum is "due and owing." That "fact" is, of course, the ultimate legal issue in the case.

■ In response to the Government's motion, the defendants contend that a genuine issue of material fact remains as to whether "the Plaintiff is estopped to deny the Plaintiff's own certification that the estate tax liability has been fully satisfied and was no longer enforceable." Defs.' Statement of Facts Against Summ.J. ¶ 7. The defendants' asserted equitable defenses entail issues of fact which are central to whether the tax liability attributable to the tax return of the Estate is "due and owing," as the Government alleges.[1] If, as the

---

1. The Court notes that the Government claims that each of the statements of facts presented with its motion must be admitted, pursuant to Local Rule 56, because the defendants have failed to controvert any of those facts. Pl.'s Reply Mot.Summ.J. at 2. The Court finds that the defendants have incorporated the memoranda and evidentiary materials offered in support of their own motions, and therefore, fairly conformed to the requirements of both·

Government has urged, further discovery is required to obtain evidence bearing on the defendants' equitable defenses in connection with their motion for summary judgment, as discussed above, then perforce further discovery is necessary to determine whether a genuine issue(s) of material fact(s) for trial remains in connection with the Government's motion. Accordingly, the Court concludes that the Government's motion for summary judgment should be denied, without prejudice. The Government may refile its motion at an appropriate, later stage in these proceedings.[2]

## CONCLUSION

For the reasons set forth in part I above, the Court **ORDERS** that the Plaintiff's Motion to Dismiss Counterclaims (Doc. No. 23) should be, and hereby is, **GRANTED.** The Court further **ORDERS** that the Defendants shall have **TWENTY (20) DAYS** from the date of entry of this Order to file amended counterclaims.

For the reasons set forth in part II above, the Court **ORDERS** that the Defendants' Joint Motion to Dismiss for Plaintiff's Failure to Satisfy Statute of Limitations (Doc. No. 44) should be, and hereby is, **DENIED.**

For the reasons set forth in part III above, the Court **ORDERS** that the Defendants' Motion for Summary Judgment on Defense of Equitable Estoppel (Doc. No. 41) should be, and hereby is, **DENIED, without prejudice.** Likewise, the Court further **ORDERS** that the Plaintiff's Motion for Summary Judgment (Doc. No. 54) should be, and hereby is, **DENIED, without prejudice.** As discussed above, the parties are permitted to re-file their respective motions, with or without supplementary briefs and materials, sim-

ply by filing an appropriate notice with the Clerk.

Upon review of the record, particularly in light of the decisions herein, and for good cause shown in support of their motion, the Court **ORDERS** that the Defendants' Motion for Oral Argument should be, and hereby is, **DENIED, as moot,** and further **ORDERS** the Defendants' Motion to Extend Discovery Period (Doc. No. 50) should be, and hereby is, **GRANTED,** in part, and consistent with the terms set forth herein, namely: the Court **ORDERS** that the scheduling order shall be amended as follows:

1. The parties shall inform the Court, in writing, within twenty (20) days of the date of entry of this Order about whether they intend to pursue some form of ADR or settlement negotiations. If, as a result of participating in an ADR or settlement negotiations, the parties require an amendment to this schedule, the same must be requested in writing. If necessary, the Court will allow up to thirty (30) additional days for the completion of discovery.

2. The discovery period in this case shall close **NO LATER THAN Monday, January 17, 2000,** unless extended by Order of the Court;

3. All motions to compel discovery shall be filed **within ten (10) days of the date on which the response(s) was due or ten (10) days of receipt of an allegedly inadequate response;**

4. All dispositive motions, including motions for summary judgment, shall be filed **NO LATER THAN Friday, February 18, 2000.**

Rule 56(e) and Local Rule 56. Defs.' Joint Resp.Pl.'s Mot.Summ.J. at 1–2.

**2.** The Court appreciates that the parties have invested substantial resources to prepare their respective motions and cannot discern any meaningful purpose served by requiring the

parties to re-file the same briefs and supporting documents at a later stage. Instead, the Court will permit the parties to re-file their respective motions, with or without supplementary briefs and supporting materials, simply by filing an appropriate notice with the Clerk.

Based upon the foregoing schedule, this action is set for the June 2000 term in Albany, which begins Monday, June 5, 2000.